# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **TANYA NICOLE SLIMICK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-01011** |
| | ) | **Judge Aleta A. Trauger** |
| **STANLEY DICKERSON, Warden,** | ) | **Magistrate Judge Jeffrey S. Frensley** |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM

Before the court are petitioner Tanya Slimick's Objections (Doc. No. 32) to Magistrate Judge Frensley's Report and Recommendation ("R&R") (Doc. No. 27), which recommends that Slimick's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 12) be dismissed and that the incorporated Request for an Evidentiary Hearing (Doc. No. 12) be denied. The respondent filed a Response to the Objections. (Doc. No. 33.) Finding no error in the Magistrate Judge's findings or conclusions, the court will overrule the Objections, accept the R&R in its entirety, and dismiss the Amended Petition.

## I.     BACKGROUND

Petitioner Slimick, a prisoner in state custody at the West Tennessee State Penitentiary, Women's Therapeutic Residential Center, was convicted of first-degree murder and sentenced to life imprisonment in 2014. Her conviction and sentence were affirmed on direct appeal, *State v. Slimick*, No. M2014-00747-CCA-R3-CD, 2015 WL 9244888 (Tenn. Ct. App. Dec. 17, 2015), and the Tennessee Supreme Court denied review. She was denied post-conviction relief, and that decision was likewise affirmed. *Slimick v. State*, No. M2019-00458-CCA-R3-PC, 2020 WL 1280801 (Tenn. Ct. App. Mar. 17, 2020).

Slimick filed her timely *pro se* Petition under 28 U.S.C. § 2254 in this court on November 20, 2020, setting forth four "grounds" for relief: (1) the jury instructions were "infirm on numerous grounds" and violated the petitioner's rights to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution (Doc. No. 1, at 5); (2) the prosecutor's rebuttal summation was improper and misleading, in violation of the plaintiff's rights under the Fifth, Sixth, and Fourteenth Amendments; (3) her Sixth Amendment right to the effective assistance of counsel was violated, insofar as (a) trial counsel advised the petitioner not to testify at trial; (b) trial counsel advised the petitioner's parents that they would not be called as witnesses; (c) trial counsel failed to offer "competent advice about the State's plea offer"; (d) one of her trial attorneys was indicted and pleaded guilty to drug distribution; and (e) appellate counsel did not raise a juror misconduct issue on direct appeal; and (4) post-conviction counsel provided ineffective assistance of counsel "causing waiver of important constitutional claims for relief," including by failing to raise or investigate the ineffective assistance claims referenced above and then filing a post-conviction brief that essentially just repeated the arguments raised on direct appeal (*id.* at 11).

Within a few weeks of that filing, counsel entered an appearance on Slimick's behalf and filed a Motion to File Amended Petition and Extension of Time to File. (Doc. No. 5.) The court granted that motion and extended the deadline for filing an amended petition to May 31, 2021. (Doc. No. 6.) Just before that deadline expired, counsel for the petitioner filed an unopposed motion for an additional extension of 45 days to file the amended petition, which the court likewise granted. (Doc. Nos. 10, 11.) While both of these motions set out reasons why counsel needed additional time to prepare an amended petition, neither motion requested tolling of the statute of limitations or even raised that issue.

The Amended Petition, which substantially expands the number of claims asserted in the original Petition, was filed on July 15, 2021. (Doc. No. 12.) It was filed along with a large number

of exhibits, some of which were not part of the state court record, and it incorporates a request for an evidentiary hearing. The Magistrate Judge construes the Amended Petition as asserting the following claims and subclaims for relief:

1. Post-conviction counsel failed to develop and present forensic psychologist Dr. Samuel Schachner's testimony regarding the petitioner's state of mind at the time of the incident, for the purpose of establishing proof of trial counsel's deficient performance in failing to call Schachner to testify.

2. Post-conviction counsel failed to consult an expert in battered spouse syndrome and post-traumatic stress disorder or have the petitioner evaluated, in order to present expert testimony supporting the evidence that the petitioner was a battered woman.

3. Post-conviction counsel failed to develop lay witness testimony regarding the petitioner's history of abuse by the murder victim.

4. The post-conviction appellate brief shows that Slimick's post-conviction attorneys abandoned their responsibilities to the petitioner, because they basically just copied the brief filed on direct appeal.

5. Trial counsel was constitutionally ineffective and the claims of ineffective assistance of counsel are substantial and prejudicial, in that:

a. Trial counsel failed to develop the petitioner's theory of self-defense at trial.

i. Lead trial counsel failed to present the petitioner's testimony, despite his suggestions throughout trial that the petitioner was going to testify and his advice to the petitioner that she needed to testify to establish that she acted in self-defense.

ii. Trial counsel failed to call forensic psychologist Samuel Schachner to offer proof of the petitioner's diminished capacity.

iii. Trial counsel failed to present expert testimony supporting the claims that the petitioner was a battered woman.

iv. Trial counsel failed to take necessary steps to exclude unfair, prejudicial testimony pertaining to the petitioner's offensive sexual acts with the murder victim.

b. Trial counsel failed to recommend to the petitioner that she accept the plea bargain offered by the state.

c. Trial counsel failed to effectively raise a juror misconduct issue relevant to whether the juror was fit to render a verdict.

        i. Trial counsel haphazardly objected to a juror's violation of the court order in the petitioner's motion for new trial, failing to fully establish the issue at the hearing on that motion.

        ii. Trial counsel waived the issue on appeal upon failing to raise it.

    d. Trial counsel's errors both singularly and cumulatively prejudiced the petitioner and warrant setting aside her conviction and sentence.

6. The Tennessee Court of Criminal Appeals' rejection of the petitioner's challenges to the infirm jury instructions is contrary to clearly established Supreme Court law.

(*See* Doc. No. 27, at 18–19; *see generally* Doc. No. 12.) Slimick effectively acknowledges that none of her claims of ineffective assistance of counsel was exhausted in the state courts, but she argues that her failure to exhaust those claims is excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), by the ineffectiveness of post-conviction counsel.

The respondent filed an Answer to the Amended Petition (Doc. No. 21), arguing that many of the claims asserted therein are time-barred, because they do not relate back to the claims in the original Petition. He argues that Slimick is not entitled to relief on the ineffective assistance of counsel claims that are not time-barred, because they are procedurally defaulted and Slimick cannot establish a basis for excusing the default, *Martinez* notwithstanding. With respect to the jury instruction claim that is neither time-barred nor defaulted, the respondent argues that the petitioner cannot show that she is entitled to relief under § 2254's deferential standard of review.

The petitioner filed a Reply (Doc. No. 26), in which she argues that all of her claims of ineffective assistance of counsel relate back to her original Petition and, consequently, are timely. She also argues that the respondent, having agreed to extend the deadline for filing an amended petition, "should not be permitted to assert that the claims raised in the amended petition are untimely." (*Id.* at 2.) She acknowledges that *Martinez* may provide cause for procedural default "only for claims of ineffective assistance of trial counsel" and will not save claims of ineffective assistance of appellate (or, by extension, post-conviction) counsel. (*See id.* at 8.) And she argues

that the recently issued Supreme Court opinion, *Shinn v. Ramirez*, 596 U.S. 366 (2022),[1] which substantially narrowed the circumstances in which a habeas petitioner claiming that a default is excused by *Martinez* may introduce new evidence, does not bar her from presenting new evidence in this case, because her post-conviction attorneys were not merely negligent. Rather, she claims that they affirmatively abandoned her case, effectively severing the attorney-client relationship, thus distinguishing her situation from that at issue in *Shinn*.

The Magistrate Judge to whom the case was referred issued a thorough, thoughtful, and detailed R&R that summarizes the underlying facts and procedural history, lays out the claims raised on direct appeal and in the post-conviction proceedings and the state courts' resolution of those claims, and correctly articulates the standards governing the review of claims raised in habeas petitions under § 2254. The court accepts in their entirety, and incorporates by reference herein, those portions of the R&R.

The R&R also addresses each of the claims raised in the Amended Petition and recommends both that the request for evidentiary hearing be denied and that the Amended Petition be dismissed. As set forth therein, the Magistrate Judge finds that:

> (1) Under *Shinn v. Ramirez*, Slimick has not shown that she can "satisfy § 2254(e)(2)'s stringent requirements" for being granted an evidentiary hearing, 596 U.S. at 384, has not provided a basis for distinguishing *Shinn*, and, therefore, is not entitled to an evidentiary hearing and "cannot obtain relief on Claims 1–4." (Doc. No. 27, at 51.) The upshot of this conclusion is that, because she cannot present new evidence, Slimick cannot establish the ineffective assistance of post-conviction counsel, as necessary to establish cause for the default of her claims of ineffective assistance of trial counsel, as contemplated in *Martinez v. Ryan*, 566 U.S. 1 (2012).
>
> (2) Claims 5(a)(i), 5(b), and 5(c)(i) (asserting that trial counsel was constitutionally ineffective for failing to call Slimick to testify in her own defense, failing to advise her to accept a plea offer, and failing to fully establish the juror misconduct issue at the motion-for-new-trial stage) relate back to Slimick's initial *pro se* Petition and, as such, are not time-barred, but these claims of ineffective assistance of trial

---

[1] *Shinn* was issued on May 23, 2022, the day the respondent's Answer was filed.

counsel were not raised before the Tennessee Court of Criminal Appeals; it is too late for Slimick to raise them now; and she raises no viable basis for excusing the procedural default.

(3) Claims 5(a)(ii)–(iv) (ineffective assistance of trial counsel based on the failure to present expert testimony and failure to exclude prejudicial testimony) were raised in the Amended Petition, which was filed after the expiration of the one-year limitations period, but not raised in the (timely) original Petition, and, because they do not relate back to claims raised in the original Petition, they are time-barred.

(3) Claim 6, for constitutionally deficient jury instructions was properly exhausted in Slimick's direct appeal, relates back to the original petition, and is ripe for the court's review, but Slimick fails to meet her burden of establishing that the state court decisions relating to jury instructions involved an unreasonable application of clearly established law or were based on an unreasonable determination of the facts in light of the evidence presented.

(*See generally* Doc. No. 27.)[2]

The petitioner objects to each of these findings and recommendations,[3] essentially reiterating—and in some instances expanding upon—the arguments made in her Amended Petition and Reply brief. The respondent has filed a Response, addressed only to the petitioner's objection to the magistrate judge's recommendation that *Shinn* bars further evidentiary development. (Doc. No. 33.)

## II.  STANDARD OF REVIEW

When a party files timely objections to a magistrate judge's ruling on a dispositive matter, such as a motion to dismiss, the district court must review *de novo* any portion of the report and

---

[2] In her Reply brief, the petitioner acknowledges that the Sixth Circuit does not recognize cumulative error claims in habeas proceedings but "maintains [Claim 5(d)] in the event that the Supreme Court rules on the issue." (Doc. No. 26, at 8.) Similarly, she concedes that Claim 5(c)(ii) (ineffective assistance of counsel based on the failure to raise a juror misconduct issue on direct appeal) is precluded by *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017), which confirmed that *Martinez v. Ryan*, 566 U.S. 1 (2012), does not extend to defaulted claims of ineffective assistance of *appellate* counsel, as opposed to trial counsel. (Doc. No. 26, at 14.) The R&R, accordingly, does not address these claims on the merits.

[3] She does not object to the finding that Claim 5(a)(iv) does not relate back to the claims in the original Petition.

recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b) (3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[ ] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.    DISCUSSION

Very generally, Slimick objects to the R&R on the basis that (1) the Magistrate Judge erred in concluding that she is not entitled to an evidentiary hearing; (2) the Magistrate Judge erred in finding that several of Slimick's claims of ineffective assistance of trial counsel are inexcusably procedurally defaulted; (3) the Magistrate Judge erred in finding that Slimick's claims of ineffective assistance of trial counsel for failing to call expert witnesses do not relate back to the claims in her original Petition; and (4) the Magistrate Judge erred in finding that Slimick's challenge to the jury instructions is without merit. (Doc. No. 32, at 1.)

### A.    Slimick Is Not Entitled to an Evidentiary Hearing

The Magistrate Judge concluded, based on *Shinn*, that Slimick's claim of ineffective assistance of post-conviction counsel did not excuse Slimick from failing to develop the factual record on her claims of ineffective assistance of trial counsel and that she had not met the stringent requirements for showing entitlement to an evidentiary hearing. Slimick, while conceding that her claims of ineffective assistance of trial counsel are procedurally defaulted, submits that the default

is excusable under *Martinez* and that she is entitled to an evidentiary hearing, even in light of *Shinn*.[4]

The gravamen of Slimick's argument here, as it was in her Amended Petition, is that, under established Supreme Court precedent, "post-conviction counsel's abandonment can sever the attorney-client relationship and relieve a petitioner of responsibility for counsel's conduct." (Doc. No. 32, at 8 (citing *Holland v. Florida*, 560 U.S. 631 (2010), and *Maples v. Thomas*, 565 U.S. 266 (2012)).) In support of this argument, she points out that her post-conviction attorneys "essentially submit[ted] appellant counsel's brief as their own to the post-conviction court" (Doc. No. 32, at 10–11 (quoting Doc. No. 27, at 50)) and waived claims of ineffective assistance of trial counsel that the petitioner had raised in her initial *pro se* post-conviction petition, "thus depriving her of the opportunity to develop a factual record of these claims" (Doc. No. 26, at 10). In addition, they filed a brief that did "not conform to Tennessee Rule of Appellate Procedure 27(a)(7)," resulting in the waiver of an additional claim. (Doc. No. 32, at 11 (quoting *Slimick,*, 2020 WL 1280801, at *4).) She argues that the post-conviction attorneys "may as well have filed no brief at all" and that their deficient brief had the effect of leaving the post-conviction court and the Tennessee Court of Criminal Appeals "without any issues to consider, just like the attorney in *Holland*," and amounted to "an abandonment of [their] client." (*Id.*)

It is well established that a court may excuse a habeas petitioner's procedural default of a claim if he can show "cause and prejudice." *Rogers v. Mays*, 69 F.4th 381, 395 (6th Cir. 2023) (citing *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). Generally, to establish the requisite "cause,"

---

[4] Although the R&R characterizes the Amended Petition as asserting four "claims" or grounds for relief based on the ineffective assistance of post-conviction counsel, it is clear to the court that Slimick did not intend to state stand-alone claims for relief based on the ineffective assistance of post-conviction counsel. Rather, she raises the ineffectiveness of post-conviction counsel for the purpose of establishing "cause" under *Martinez* to overcome the defaulted claims of ineffective assistance of trial counsel and to substantiate her request for an evidentiary hearing.

the petitioner "must show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* (quoting *Shinn*, 596 U.S. at 379). In *Martinez*, 566 U.S. at 17, and *Trevino v. Thaler*, 569 U.S. 413, 417 (2013), the Supreme Court recognized that the ineffective assistance of *post-conviction* counsel may constitute cause to excuse the procedural default of a claim of ineffective assistance of *trial* counsel, but only if the petitioner establishes (1) that the state prohibits or makes it virtually impossible to present claims of ineffective assistance of trial counsel on direct appeal; (2) that the petitioner received ineffective assistance during the initial state post-conviction proceedings; and (3) that the petitioner has a substantial claim that counsel rendered ineffective assistance at trial. *Rogers*, 69 F.4th at 395–96 (citations omitted).

Here, as in *Rogers*, the petitioner's claims "rise and fall on the third requirement: substantiality. To be substantial, an ineffective-assistance-of-trial-counsel claim must, among other things, be supported by evidence." *Id.* at 396 (citing *Martinez*, 566 U.S. at 15–16). Also as in *Rogers*, the state court record regarding the claims of ineffective assistance of trial counsel is not developed. The question presented is whether this court can consider the evidence already presented by Slimick along with her Amended Petition or consider new evidence to be presented at an evidentiary hearing. *Shinn* effectively answered that question, as the R&R in this case recognizes. Under *Shinn*, petitioners relying on *Martinez* may not use new evidence introduced in federal court, because they must bring and develop their claims in state court first. *Shinn*, 596 U.S. at 371, 377–79.[5] As the Court explained in *Shinn*:

> Section 2254(e)(2) provides that, if a prisoner "has failed to develop the factual basis of a claim in State court proceedings," a federal court may hold "an evidentiary hearing on the claim" in only two limited scenarios. Either the claim

---

[5] Under *Shinn*, it is now unclear when, if ever, a petitioner whose ineffective post-conviction counsel waived or defaulted claims of ineffective assistance of trial counsel would actually be able to show cause and present those claims of ineffective assistance at trial.

must rely on (1) a "new" and "previously unavailable" "rule of constitutional law" made retroactively applicable by this Court, or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." §§ 2254(e)(2)(A)(i), (ii). If a prisoner can satisfy either of these exceptions, he also must show that further factfinding would demonstrate, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of the crime charged. § 2254(e)(2)(B). Finally, even if all of these requirements are satisfied, a federal habeas court still is not required to hold a hearing or take any evidence. Like the decision to grant habeas relief itself, the decision to permit new evidence must be informed by principles of comity and finality that govern every federal habeas case.

*Id.* at 381–82. Construing § 2254(e)(2) stringently, the *Shinn* Court held that "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Id.* at 382.

Slimick argues here that *Shinn* does not apply, because she has not merely established ineffective assistance of post-conviction counsel. Rather, she argues, she was effectively abandoned by her post-conviction attorneys, such that their representation amounted to no representation at all, and she objects to the Magistrate Judge's rejection of this argument. This court, however, finds no error. First, Slimick has not shown that she was effectively abandoned by counsel. Her attorneys filed a timely post-conviction brief on her behalf, asserting a claim of ineffective assistance of trial counsel based on three specific attorney errors. (*See* Doc. No. 20-47, at 57–58 (asserting claims based on counsel's failure to call the petitioner to testify at trial and failure to call her parents to testify at trial).) Counsel subsequently filed an amended petition that *removed* the ineffective assistance claim but added claims that largely mirrored those raised on direct appeal. (*See id.* at 76–82.) The attorneys also filed a Notice of Striking Grounds, providing notice to the court and the state that they were striking the claims of ineffective assistance of counsel and that their client had been "fully apprised . . . of her right to proceed on those grounds and that by striking them, they will forever be waived." (*Id.* at 96.) When the state filed a motion to dismiss on the grounds that the claims raised had already been adjudicated, the post-conviction

court held a hearing at which the petitioner was sworn in and testified in response to questions from her counsel.

At that hearing, Slimick testified that her post-conviction attorneys had represented her for several months, that she had reviewed substantial parts of the record with them, and that she had met with them times to discuss her claims. She confirmed that her attorneys had "explained, legally, what [she] would have to prove . . . in order to assert and win on that ineffective assistance of counsel claim" and explained that she would have to testify at a post-conviction hearing. (Doc. No. 20-49, at 8–9.) "[B]ased upon all of those discussions" with her two attorneys on direct appeal and her two post-conviction attorneys, Slimick "decided that there was not a factual basis, nor a legal basis" for maintaining the ineffective assistance of counsel claim. (*Id.* at 9.) The attorney questioning her during the hearing noted that they had actually filed a motion to strike the ineffective assistance of counsel claim and that he had visited with her to discuss it and had a video conference "to verify those discussions" after she had been able to discuss the matter with her mother. (*Id.*) Slimick confirmed specifically that she was waiving her claim of ineffective assistance relating to her trial counsel's not putting her on the stand to testify at trial. (*Id.* at 10.) She also confirmed that she was satisfied with the representation that her post-conviction attorneys had provided, had the opportunity to meet with them and to ask every question she wanted to ask, and had reviewed every document she needed to review from the case. (*Id.*) She confirmed that there was nothing that she wanted done in her case that her post-conviction counsel had refused to do. (*Id.* at 11.) In light of this testimony, the post-conviction court was satisfied that the petitioner had "made a knowing and intelligent waiver" of her claims of ineffective assistance of trial counsel. (Doc. No. 20-48, at 151.) And it dismissed the post-conviction petition, finding that the petitioner had abandoned her ineffective assistance of counsel claims and that all of the claims raised in the amended petition had either already been determined on appeal or waived by the

petitioner. (Doc. No. 20-48, at 151.) Post-conviction counsel filed a timely appellate brief that, not surprisingly, reiterated the claims made on direct appeal and in the amended petition for post-conviction relief. The Tennessee Court of Criminal Appeals, also not surprisingly, denied relief on the grounds that all of the claims had either been determined on direct appeal or were waived. *Slimick*, 2020 WL 1280801, at *4.

The petitioner now argues that her post-conviction counsel effectively abandoned her, thus severing the attorney-client agency relationship, and that such abandonment satisfies the "cause" required to overcome any procedural default of the ineffective assistance of counsel claims she now seeks to pursue. She compares her attorneys' conduct to that at issue in *Holland v. Florida* and *Maples v. Thomas*. The court is not persuaded by the comparison. In *Holland*, the petitioner's habeas petition had been dismissed as untimely by the district court, and the Supreme Court held that the one-year statute of limitations for filing a federal habeas petition was subject to equitable tolling. While the Court reiterated that "a garden variety claim of excusable neglect" would not justify such tolling, it found that the facts before it "suggest[ed] that this case may well be an 'extraordinary' instance in which petitioner's attorney's conduct" exceeded negligence and might justify equitable tolling. *Holland*, 560 U.S. at 651. Aside from failing to file the petition on time and having been unaware of the date on which the limitations period would expire, which alone "might suggest simple negligence," counsel in that case (1) "failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so"; (2) "apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules"; (3) "failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information"; and (4) "failed to communicate with his client over a period of years, despite various pleas from Holland that [the attorney] respond

to his letters." *Id.* at 652. Based on these facts and others, as well as on the district court's reliance on a lack of diligence and the appellate court's "overly rigid *per se* approach," the Court remanded for consideration of whether counsel's conduct in that case "constitute[d] extraordinary circumstances sufficient to warrant equitable relief." *Id.* at 653–54.

In *Maple*, the Supreme Court noted that, "under agency principles, a client cannot be charged with acts or omissions of an attorney who has abandoned him." *Maples*, 565 U.S. at 283. Based on such agency principles, the Court held on the facts before it that the petitioner had shown cause to overcome a procedural default after his attorneys of record abandoned him without warning, causing him to miss the deadline to file a post-conviction appeal. *Id.* at 289. The Court reaffirmed that, while a petitioner is ordinarily bound by post-conviction counsel's negligence, "however egregious," a "markedly different situation" arises "when an attorney abandons his client without notice." *Id.* at 281–82. An attorney who is merely egregiously negligent still acts as the petitioner's agent, however ineffectively. Conversely, in the case of abandonment, the principal-agent relationship is severed, and "a client [cannot] be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Id.* at 283. Thus, the Court held that, when "extraordinary circumstances" exist and an attorney ceases to operate as a petitioner's agent "in any meaningful sense of that word," the petitioner has been abandoned, and the procedural bar to federal habeas review may be lifted. *Id.* at 282.

In this case, however negligent Slimick's post-conviction counsel may have been in abandoning Slimick's ineffective assistance of counsel claims and failing to discover the basis for the others her current attorneys seek to raise, there has been no showing of the type of abandonment at issue in either *Holland* or *Maples*. Nothing, in fact, suggests that the agency relationship was severed. This case, therefore, is much more closely aligned with *Piper v. Attorney General South Dakota*, 5:20-CV-05074-RAL, 2023 WL 3750418 (D.S.D. June 1, 2023), in which a habeas

petitioner likewise sought to expand the state court record and develop new evidence to support new claims of ineffective assistance of trial counsel. The question, as framed by the petitioner, was whether he should be deemed responsible for failing to develop the record in the state court, since 28 U.S.C. § 2254(e)(2) bars federal courts from holding evidentiary hearings or considering evidence outside the record *unless* the petitioner cannot be deemed "at fault" for failing to develop the factual basis of a claim. *Piper*, 2023 WL 3750418, at *1 (citing *Shinn*, 142 S. Ct. at 1734). The petitioner argued that his post-conviction counsel's "'extreme negligence' severed the attorney-client relationship," so he could not be deemed "at fault" for failing to develop the record. *Id.*

The district court there noted, first, that the petitioner failed to "cite any cases holding that an attorney's failure to investigate and present evidence on a particular claim of ineffective assistance of counsel constitutes a serious breach of the duty of loyalty" that severs the attorney-client relationship. *Id.* at *16. It also rejected the petitioner's attempt to analogize his situation to those in *Holland* and *Maples*, finding the representation in Piper's case "a far cry from the attorney misconduct" in those cases, as Piper's attorney met with his client on multiple occasions, was in regular contact with the court, filed court documents on time and sought extensions of deadlines when appropriate, and appeared at court hearings. *Id.* at *17. The evidence showed that the attorney did not leave Piper "without any functioning attorney of record" or cease "operating as his agent in any meaningful sense of the word." *Id.* at *18 (quoting *Maples*, 565 U.S. at 282, 288).

Likewise here, Slimick has not shown that post-conviction attorneys ever stopped communicating with her, failed to do anything she asked them to do, miscalculated deadlines, or missed court appearances. Her attorneys' decision not to pursue the ineffective assistance of counsel claims raised in the initial post-conviction petition appears to have been just that—an intentional decision. The wisdom of that decision may be debated by reasonable people, particularly in hindsight, but it was clearly not the product of oversight or inadvertence, nor is it

alleged to have been the product of bad faith, a conflict of interest, or a breach of loyalty. Similarly, counsel's failure to investigate and present evidence to support the other ineffective assistance of counsel claims that the petitioner now seeks to raise amounts, at most, to negligence and cannot properly be characterized as abandonment. As stated in *Piper*, the holding in *Maples* "suggests that, while attorney abandonment severs the agency relationship, attorney error—however egregious—does not. Beyond that, cases applying *Holland* and *Maples* show that the failure to raise or investigate a claim is not the sort of conduct that terminates the agency relationship." *Piper*, 2023 WL 3750418, at *18 (internal quotation marks omitted).

Even before *Shinn*, the Sixth Circuit, in an unpublished decision, declined to find abandonment under *Maples*, even though state post-conviction appellate counsel missed deadlines and filed a late brief, never communicated with the petitioner, and failed to raise what the petitioner argued were "clearly meritorious" claims on appeal. *Young v. Westbrooks*, 702 F. App'x 255, 258, 261–66 (6th Cir. 2017). In *Young*, the Sixth Circuit distinguished between *claim* abandonment and *client* abandonment, holding that, while failing to raise a "colorable claim" might constitute ineffective assistance of post-conviction counsel, it "cannot sever the attorney-client relationship." *Id.* at 266; *see also id.* at 262 ("[C]laim abandonment—while perhaps ineffective assistance—is not the same as client abandonment."); *see also Henderson v. Mays*, Nos. 12-5028/14-5911, 2023 WL 3347496, at *18 (6th Cir. May 10, 2023) (rejecting the argument that the petitioner's post-conviction counsel, whom the petitioner alleged was suffering from a "severe mental illness," abandoned the petitioner by failing to investigate evidence that petitioner suffered brain damage from a bike accident); *see also id.* at *19 (White, J., concurring) (explaining that the medical records from the bike accident "described an injury sufficiently serious that competent death-penalty counsel (and investigators) would have explored the effects of the accident with an expert qualified to make an assessment and offer an opinion"); *Moormann v. Schriro*, 672 F.3d 644, 647–

48 (9th Cir. 2012) (finding that state post-conviction counsel's alleged failure to conduct a mitigation investigation that would have yielded substantial evidence of the petitioner's "difficult childhood, mental disabilities, and a possible incestuous relationship with the victim," though potentially asserting a "claim of serious negligence," did not amount to abandonment under *Maples*); *Wilkins v. Stephens*, 560 F. App'x 299, 304 (5th Cir. 2014) (per curiam) ("We have previously noted that counsel's failure to raise all issues a petitioner would like to argue does not amount to abandonment.").

These cases confirm that Slimick's claims regarding her post-conviction counsel's failures are essentially claims of ineffective assistance, rather than abandonment. Such failures do not have the effect of severing the agency relationship. Under *Shinn*, "the extent of counsel's negligence does not determine whether the negligence is attributable to the prisoner." *Piper*, 2023 WL 3750418, at *19. Thus, "[i]f post-conviction counsel negligently fails to develop the state-court record, that failure is attributed to the petitioner." *Rogers v. Mays*, 69 F.4th 381, 396 (6th Cir. 2023) (citing *Shinn*, 596 U.S. at 382–83).

The long and the short of all of this is that the Magistrate Judge did not err in rejecting the petitioner's claim of abandonment by post-conviction counsel, declining to consider the petitioner's new evidence, and recommending that her request for an evidentiary hearing be denied. This court likewise finds, based on *Shinn*, that Slimick is not entitled to a hearing, nor can the court consider any evidence she has presented that is not already part of the underlying record.

### B.    Slimick's Timely Ineffective Assistance of Trial Counsel Claims Are Procedurally Defaulted

The R&R finds that three of the ineffective assistance of counsel claims are timely, as they were either asserted in the original Petition or relate back to such claims. This includes Claims 5(a)(i) (that trial counsel was ineffective for failing to present the petitioner's testimony at trial),

5(b) (that trial counsel was ineffective for failing to recommend to Slimick that she accept a plea deal offered by the state), and 5(c)(i) (that trial counsel was ineffective for failing to fully establish a juror misconduct issue in the motion for a new trial). The R&R nonetheless finds that these claims are inexcusably procedurally defaulted.

### 1.    Claim 5(a)(i)

The R&R fully considered and addressed the petitioner's claim that trial counsel was ineffective for failing to present her testimony at trial (or to affirmatively tell her that, if she did not plead, she would need to testify). The R&R recommends finding Claim 5(a)(i) procedurally defaulted and that such default is not excusable, both because Slimick raised and then struck this claim in the post-conviction court, confirming under oath that she had voluntarily chosen to strike this claim after having discussed the matter at length with her post-conviction attorneys, and because she could not establish prejudice arising from this alleged error, based on the substantial evidence in support of her self-defense claim that was presented to the jury. (*See* Doc. No. 27, at 45.) Slimick's objection to the Magistrate Judge's recommendation is premised upon her assertion that the waiver was based on the "misadvice of [post-conviction] counsel, who had abandoned any semblance of advocacy when they filed the meritless amended petition." (Doc. No. 32, at 12.) She also asserts that she was prejudiced by the failure, because her own testimony would have been "compelling and riveting" rather than cumulative. (*Id.* at 13.)

The court finds no error and fully accepts the R&R's recommendation that this claim be denied as procedurally defaulted. As already discussed, the record does not support Slimick's allegations of having been abandoned by post-conviction counsel, and the court cannot consider new evidence in this proceeding. Slimick clearly and unequivocally waived her claim of ineffective assistance of trial counsel based on this purported error, and that claim is now inexcusably defaulted.

2.      *Claim 5(b)*

Slimick argues that trial counsel was ineffective for failing to "directly advise" her to plead guilty. She cannot establish, however, that an attorney's failure to directly advise her either to plead or not to plead guilty under the facts of this case amounted to ineffective assistance. The record contains three letters from counsel regarding the state's offer to settle for 20 years on a plea to second-degree murder. The first, dated November 27, 2013, identifies much of the evidence in the record, expresses faint hope that the government might reduce the offer, and suggests that Slimick discuss the matter with her parents and reflect on it. (Doc. No. 12-7.) The second letter, dated December 11, 2012 [sic; actually 2013], recommends that Slimick reject the offer, but again with the indication that negotiations were ongoing and that counsel still hoped to procure a better deal. (*See* Doc. No. 12-6, at 3.) As the R&R recounts, the third letter, dated December 15, 2013, reconveys the state's offer of 20 years on second-degree murder and unambiguously advises Slimick to plead guilty, in light of all of the evidence counsel had discussed with her. (*See* Doc. No. 12-8.) The letter lays out in great detail the evidence against Slimick and the consequences if the jury were to find her guilty of first-degree murder. It states that, based on her having authorized her attorney to do so, counsel would immediately communicate acceptance of the plea offer to the district attorney. (Doc. No. 12-8, at 3.) Just before the hearing scheduled for entry of a plea, however, Slimick changed her mind and chose not to plead, as a result of which the government withdrew the offer. (*See* Doc. No. 20-7, at 4–5.) The case proceeded to trial a few days later.

As the R&R states, trial counsel bore no responsibility to predict the future and could only advise Slimick based on his knowledge at the time of the proceedings. Slimick initially accepted the plea offer and then reneged on that agreement. The decision, ultimately, was hers, and she does not argue—nor could she—that she was not adequately informed as to the potential consequences

of her decision. Slimick cannot establish a substantial claim of ineffective assistance of counsel based on this claim and, therefore, cannot overcome the procedural default.

3.    *Claim 5(c)(i)*

Regarding Slimick's claim that trial counsel failed to fully establish a jury misconduct issue at the motion-for-new-trial stage, the R&R specifically concludes that this claim relates back to the juror misconduct issue in the original Petition. The R&R nonetheless finds the claim to be inexcusably procedurally defaulted and that Slimick has not shown either cause or sufficient prejudice to warrant excusing the procedural default. Slimick objects to the R&R's conclusion that she cannot establish prejudice based on this issue.

The court has examined the record as a whole, which indicates that the petitioner *did* raise this issue with the trial judge. Beginning on January 31, 2014, trial counsel requested permission from the trial judge to contact jurors directly and presented evidence then of materials trial counsel had obtained from one juror's Facebook page. (Doc. No. 20-2, at 91–101.) The request to speak with jurors was renewed in a formal motion (*id.* at 115–23) and a Supplemental Memorandum Regarding Juror Interviews (Doc. No. 20-3, at 2–4). Counsel filed a Memorandum of Law in Support of the Motion for New Trial that specifically argued that a juror's violation of the court's instructions regarding "social media contact" required a new trial (*id.* at 56–57), and he raised the issue again in his Amended Motion for a New Trial (*id.* at 107–08). The court granted the lawyers permission to talk to the jurors (Doc. No. 20-3, at 118) and conducted a hearing on the Motion and Amended Motion for New Trial on April 8, 2014. (Doc. No. 12-21, at 2.) The court ultimately denied the motion(s). (Doc. No. 20-4, at 19–20.)

The Amended Petition argues that trial counsel should have done more—should have called the juror as a witness, should have explored whether she violated the court's prohibition on social media posts in other ways, and should have argued more effectively that the juror was

incapable of functioning as a juror. (Doc. No. 12, at 40.) Slimick objects now to the R&R's "summary conclusion" that she was not prejudiced by trial counsel's failure to develop this issue more fully. (Doc. No. 32, at 15.) But, as set forth above, trial counsel did consider and explore the juror misconduct. The fact that the attorneys were granted permission to interview witnesses but then failed to develop the record as to whether they actually spoke with the juror can mean many things. The petitioner cannot present additional evidence on this issue, and the record as it stands simply does not support speculation that the juror was incapable of functioning as a juror or that the petitioner was prejudiced by her trial counsel's failure to present additional evidence. The Magistrate Judge did not err in finding that this claim is procedurally defaulted and, further, that Slimick cannot demonstrate sufficient cause or prejudice to warrant excusal of this procedural default. As the R&R states, "Slimick must show that counsel's inadequacies worked to her 'actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions.' Based on the facts presented in the record, Slimick has not provided sufficient evidence to clear this high hurdle." (Doc. No. 27, at 49 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).)

Finding no error, the court accepts the R&R's recommendation and finds that Slimick is not entitled to relief on the basis of this claim.

### C. Slimick's Other Ineffective Assistance Claims Do Not Relate Back and Are Not Timely

The R&R finds that the petitioner's ineffective assistance claims for failing to call experts (Claims 5(a)(ii) and (iii)) do not relate back to the ineffective assistance claims raised in the original Petition and, therefore, were not raised in this court within the governing statute of limitations. Slimick objects to the conclusion that the claims do not relate back. She also argues that the respondent "should not be permitted to assert that the claims raised in the amended petition are untimely after agreeing to the extensions of the filing date." (Doc. No. 32, at 16.)

The R&R fully addresses the relation-back issue. The court, perceiving no error, accepts and adopts that portion of the R&R and likewise finds that these claims do not relate back to the claims raised in the original Petition, because they do not share a common core of operative facts.

The R&R does not address the impact of the respondent's consent to the extension of the deadline for filing an amended pleading, and this court finds no merit to the argument. The petitioner never provided any authority to support the proposition that either the court or the government has the ability to consent to the filing of untimely claims in an amended habeas petition. The law appears to be that claims raised in an untimely amended petition are time-barred *unless* the untimely claims relate back to claims raised in a timely original petition, Fed. R. Civ. P. 15(c)(1), *or* there is some basis for equitable tolling. *See Holland*, 560 U.S. at 645 (holding that statute of limitations for habeas petitions, 28 U.S.C. § 2244(d), "is subject to equitable tolling in appropriate cases"); *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011) ("The habeas statute imposes a one-year limitations period on habeas applications by state prisoners. *See* 28 U.S.C. § 2244(d). Under Rule 15, when a prisoner files an original petition within the one-year deadline, and later presents new claims in an amended petition filed after the deadline passes, the new claims relate back to the date of the original petition if the new claims share a "common core of operative facts" with the original petition.").

In this case, the respondent did not oppose extending the deadline for filing an amended petition, but the petitioner's requests for extension did not seek to toll the statute of limitations or even address that issue. Even assuming the respondent could simply agree to extend or toll the statute of limitations, a simple agreement to extend deadlines, standing alone, cannot be deemed consent to waive the statute of limitations. This argument is without merit.

## D.    Slimick's Challenge to the Jury Instructions

In Claim 6, Slimick asserts that the jury instructions provided by the trial court were constitutionally deficient. She argues that the trial court erred by instructing the jury that:

> (1) the defendant had the burden of raising the issue of self-defense; (2) that the self-defense instruction was confusing to the jury because it combined self-defense and "no duty to retreat" concepts in tone [sic] sentence; (3) that the jury instructions improperly failed to list the negation of self-defense in the litany of items which the State must prove beyond a reasonable doubt; (4) and that the instructions failed to list lesser included offenses whenever the "charged offense" was referenced.

(Doc. No. 12, at 43.) This claim was fully exhausted in the trial court and on direct appeal, was not defaulted, and was raised in Slimick's original Petition. A large part of the discussion in the R&R is devoted to Claim 6. (*See* Doc. No. 27, at 29–43.)

The Magistrate Judge finds that Slimick fails to show that the state court's adjudication of her jury instruction claims was either "contrary to, or involved in an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Mammone v. Jenkins*, 49 F.4th 1026, 1041 (6th Cir. 2022). (*See* Doc. No. 27, at 40.) In particular, the R&R finds that Slimick's arguments in this court "do[] nothing but seemingly relitigate the unsuccessful argument[s] [Slimick] made on direct appeal and do[] not address how the TCCA's application of federal constitutional law was so unjustifiable [as] to warrant relief." (*Id.* at 43 (quoting Doc. No. 21, at 28).) As a result, the R&R recommends denying relief on this claim.

This court accepts that recommendation. Having reviewed the jury instructions at issue and the Tennessee Court of Criminal Appeals' resolution of Slimick's claims, the court finds that the state court's rejection of those claims was not contrary to and did not involve an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination

of the facts in light of the evidence presented. As the state court observed repeatedly, the petitioner has failed to show that any technical error was actually prejudicial or that the jury instructions, read as a whole, were deficient or likely to confuse the jury. Slimick has not shown that she is entitled to relief on the basis of her claim of erroneous jury instructions.

## IV.    CONCLUSION

The court has reviewed the record as a whole, the Claims asserted in the Amended Petition, and the R&R, and, having considered the petitioner's Objections *de novo*, discerns no error in the R&R. The court will therefore overrule the Objections, accept in their entirety the Magistrate Judge's findings and recommendations as modified herein, *see* 28 U.S.C. § 636(b)(1), and dismiss the Amended Petition.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge